Gerald J. HOLTON, et al., Plaintiffs,

v.

L.F. ROTHSCHILD, Unterberg, Towbin, and Michael E. Minson, Defendants,

v.

L.F. ROTHSCHILD, Unterberg, Towbin, Third-Party Plaintiffs,

v.

H.K. VAN POOLLEN & ASSOCIATES, INC., Oppenheim, Appel, Dixon & Co., et al., Third-Party Defendants,

v.

Daniel B. WILEN, et al., Fourth-Party Plaintiffs,

v.

William BAUER, et al., Fourth-Party Defendants.

Civ. A. Nos. 83–3253–Mc, 83–1557–Mc and 83–4081–Mc.

United States District Court, D. Massachusetts.

Dec. 20, 1985.

John Taylor Williams, Palmer & Dodge, Boston, Mass., for the moving party, Forbes, Inc. and Carol E. Curtis.

Maynard M. Kirpalani, Parker, Coulter, Daley & White, Boston, Mass., opposing the motion, Oppenheim, Appel, Dixon & Co.

## ORDER ON MOTION TO QUASH SUBPOENAS (# 438)

JOYCE LONDON ALEXANDER, United States Magistrate.

At a hearing held on the above-entitled motion, the non-party movant was represented by John Taylor Williams, Esquire, and the party opposing the motion was represented by Maynard Kirpalani, Esquire. The instant motion is the by-product of complex litigation involving alleged securities violations in oil and gas programs. On October 19, 1983 Gerald Holton filed an action against the brokerage firm of L.F. Rothschild, Unterberg and Towbin (Rothschild) and Michael E. Minson (Minson).[1] Subsequently, Rothschild and Minson filed third-party complaints against a number of parties, including the national accounting firm of Oppenheim, Appel, Dixon & Co. (OAD).[2]

On November 19, 1984, *Forbes Magazine* published an article written by Carol E. Curtis entitled "Fools Oil".[3] On April 8, 1985, as a result of statements contained in the article, OAD served subpoenas *duces tecum* and *ad testificandum* upon both Forbes, Inc. and Carol Curtis. Forbes, Inc. and Carol Curtis moved to quash the subpoenas on August 23, 1985.

OAD contends that in order to obtain information concerning statements made in the *Forbes Magazine* article, they must have direct testimony from Ms. Curtis and also have the ability to review the underlying notes and documentation for the article. Since Ms. Curtis no longer works for Forbes, the notes and documentation are in the possession of Forbes. Specifically, OAD is seeking information concerning statements attributed to Attorney Thomas Shapiro and Attorney Jack Green, as well as statements from an unnamed engineer.

Forbes and Carol Curtis assert that the First Amendment applies to their confidential source, the engineer. Moreover, they urge that the information sought by OAD is available from other sources. Forbes and Carol Curtis maintain that OAD could depose Attorney Shapiro and Attorney Green, and could consult with engineers

---

1. The cases of *Harry H. Gibson, et al. v. L.F. Rothschild, Unterberg, Towbin, et al.*, C.A. No. 84–1557–Mc and *Lila Scheiner, et al. v. L.F. Rothschild, Unterberg, Towbin, et al.*, C.A. No. 83–4081–Mc have been consolidated with the *Holton* case, C.A. No. 83-3253–Mc.

2. Oppenheim, Appel, Dixon & Co. Memorandum in Opposition to Forbes, Inc. and Carol E. Curtis' Motions to Quash Subpoenas at 3.

3. Affidavit of Carol E. Curtis, Exhibit A.

also familiar with the geographical area in question.

After hearing, this Court hereby allows the Motion of Forbes and Carol Curtis to Quash Subpoenas.

■ Without question, witnesses have the duty to testify in a court of law, *Garland v. Torre*, 259 F.2d 545, 548 (2nd Cir. 1958); *Bruno & Stillman, Inc. v. Globe Newspaper Co.*, 224 Ct.Cl. 583, 633 F.2d 583, 595–596 (1st Cir.1980). However, in the case of the newsgatherer, the First Amendment may provide a qualified privilege under federal common law with respect to confidential sources. *Riley v. City of Chester*, 612 F.2d 708, 715 (3rd Cir.1979). This is particularly true when the law of the forum state does not provide for a reporter's privilege. Massachusetts, as the forum state in this case, does not have a shield law. *Matter of Roche*, 381 Mass. 624, 635, 411 N.E.2d 466, 474, fn. 13 (1980).

■ Furthermore, if the case involves only issues of federal question, courts have relied upon Fed.R.Evid. 501, in finding a qualified privilege under federal common law. *Riley v. City of Chester*, 612 F.2d at 715, *Bruno & Stillman, Inc. v. Globe Newspaper Co.*, 633 F.2d at 596. Because this is a qualified privilege, the Court must conduct a balancing test between the "assertion of the privilege on the one hand and the interest of either criminal or civil litigants seeking the materiality, relevance and necessity of the information." *Riley v. City of Chester*, 612 F.2d at 715.

In *Bruno & Stillman, Inc. v. Globe Newspaper Co.*, 633 F.2d at 597, the First Circuit identified several factors which courts should address in a situation where there is an issue of confidentiality. The approach taken by the Court was to utilize Fed.R.Civ.P. 26 concerning discovery. As the Court stated, "Initially each party has a burden. The plaintiff must establish relevance of the desired information, and the

defendant has the burden of establishing need for preserving confidentiality." *Id.* Further, the court must determine that the claim is "not frivolous" and that it is "relevant". *Id.* Finally, the "court must assess the extent to which there is a need for confidentiality." *Id.*

■ In the case *sub judice*, OAD has not met its burden of showing the requisite relevance. They have shown the court that an article was published, but have not shown how their request goes to the heart of the entire case.[4] *See Garland v. Torre*, 259 F.2d at 550. In addition, OAD has failed to show that the information is not available from other sources.

Correspondingly, Forbes and Carol Curtis have demonstrated that they have a confidential source who was assured the protections afforded by the First Amendment. Also, it is evident that OAD could obtain the information by directly deposing Attorney Shapiro and Attorney Green; and also could consult other engineering experts with a particular knowledge of the geographical area in question.

Accordingly, Forbes and Carol Curtis do not have to respond to the depositions as noticed. Further, Forbes and Carol Curtis are not required to produce the reporters notes and documents which were created as a result of the "Fools Oil" article. This Court finds that the writings must be afforded the same protection as the author and publisher. To do otherwise would be to circumvent this Order of the Court as well as the protections of the First Amendment. See *Loadholtz v. Fields*, 389 F.Supp. 1299 (M.D.Fla.1975).

SO ORDERED.

---

**4.** During oral argument OAD asserted that they seek the information from Forbes and Carol Curtis in order to challenge the ability of Attorney Shapiro to represent the class of plaintiffs. While this may be relevant in a tangential sense, it is not relevant to the primary issue of the case, which is alleged security fraud. Therefore, this Court does not find their request frivolous. Rather, it is premature.